UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| WBB CONSTRUCTION, INC., a New York corporation, | Case No. 15-cv-3344 (WMW/HB) |
| Plaintiff, | **ORDER** |
| v. | |
| BELLCOMB, INC., a Minnesota corporation, | |
| Defendant. | |

---

The above-captioned matter came before the Court on the parties' March 23, 2016 stipulation for entry of judgment ("Stipulation"). (Dkt. 48.) The Stipulation sought, among other things, (1) the Court's retention of jurisdiction, (2) entry of judgment by the Court in the amount of $600,000 and (3) dismissal of all claims with prejudice. Because the Stipulation does not demonstrate that either the Court's retention of jurisdiction or the Court's entry of judgment for $600,000 is warranted, the Court denies the parties' Stipulation to the extent that it requests such relief. In light of this decision, the Court will dismiss this action with prejudice 30 days after the entry of this Order, unless either party advises the Court otherwise by filing a motion objecting to the dismissal. The parties remain free to privately resolve this matter without involvement of the Court.

**BACKGROUND**

Plaintiff WBB Construction, Inc. ("WBB") initiated this lawsuit on August 21, 2015, seeking monetary damages, indemnification, attorneys' fees, costs and

1

disbursements stemming from the alleged breach of a purchase order. Defendant Bellcomb, Inc. ("Bellcomb") denied the allegations and raised affirmative defenses. Discovery in this matter is set to conclude on April 15, 2016.

On March 16, 2016, Bellcomb filed a letter advising the magistrate judge that the parties were finalizing the terms of a settlement agreement and would be "filing a Stipulation of Dismissal shortly." The parties filed their Stipulation on March 23, 2016. The Stipulation states that Bellcomb denies both the allegations and "that it has assets sufficient to satisfy any judgment." The Stipulation also notes that WBB "intends to conduct post-judgment discovery in an attempt to identify any financial transactions by Bellcomb . . . which may have been made in violation of Bellcomb's fiduciary obligations to its creditors." Nonetheless, the parties agreed that the Court may immediately enter a judgment against Bellcomb in the amount of $600,000 and also dismiss with prejudice "[a]ny claims or counterclaims that were brought or that might have been brought between WBB and Bellcomb . . . pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)." The Stipulation also provides that the Court will "retain jurisdiction to enforce the terms of this Stipulation and the related Judgment."[1]

---

[1] The Stipulation also includes terms regarding attorneys' fees, expenses, interest, post-judgment discovery and the designation of an agent for service of process. The parties have not asked the Court to take any specific action with respect to these additional terms beyond generally seeking this Court's retention of jurisdiction over enforcement of the Stipulation. Therefore, the Court considers them to be private settlement terms between the parties.

# ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) permits a plaintiff to voluntarily dismiss an action without court approval by filing "a stipulation of dismissal signed by all parties who have appeared." However, here the parties' Stipulation seeks more than dismissal of the action; it also seeks the Court's perpetual retention of jurisdiction to enforce the terms of both the Stipulation and the judgment as well as entry of judgment for $600,000 in favor of WBB. The Court addresses each of these requests in turn.

## I.    PERPETUAL RETENTION OF JURISDICTION

A district court's enforcement of a settlement agreement after dismissal is "more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). "Parties cannot by agreement confer jurisdiction upon a federal court." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003). Rather, retaining jurisdiction over the enforcement of a settlement involves a court's ancillary subject matter jurisdiction. *See Gilbert v. Monsanto Co.*, 216 F.3d 695, 699 (8th Cir. 2000). "Ancillary enforcement jurisdiction is, at its core, a creature of necessity." *Peacock v. Thomas*, 516 U.S. 349, 359 (1996). A court's decision to retain ancillary jurisdiction over a settlement agreement is discretionary, and a court is not obligated to retain jurisdiction over a settlement agreement even if both parties so desire. *See Brass Smith, LLC v. RPI Indus., Inc.*, 827 F. Supp. 2d 377, 381 (D.N.J. 2011); *Martin v. Moorhead Metro. Area Transit*, 971 F. Supp. 414, 415 (D. Minn. 1997).

Here, the parties' Stipulation fails to demonstrate any necessity for the Court's perpetual retention of jurisdiction. The Court will not assume that either party will violate the terms of their settlement agreement. *See Martin*, 971 F. Supp. at 416 ("The Court, however, cannot assume, and doubts that the parties will assume, that one or the other will renege on the settlement to which they have mutually agreed."). Moreover, if a party violates the agreement, nothing prevents the opposing party from pursuing a remedy in the appropriate forum. *See id.* (declining to retain jurisdiction over a consent decree, noting that the court was "fully confident that the parties can and will pursue their remedies in regular course"); *see also Brass Smith*, 827 F. Supp. 2d at 383 (declining to retain jurisdiction over a settlement when "there are no temporal or other limits to the Court's jurisdiction over the settlement agreement" and "the parties appear to contemplate that the Court will be available for this limitless period to resolve 'any disputes pertaining' to the agreement").

The parties to this matter may agree to bind each other, but they lack the power to bind this Court. In the absence of just cause for the Court to perpetually retain jurisdiction, the parties' Stipulation is denied to the extent that it seeks the Court's retention of jurisdiction over this matter.

## II.     ENTRY OF JUDGMENT FOR $600,000

Ordinarily, a voluntary dismissal by stipulation under Rule 41(a)(1)(A)(ii), Fed. R. Civ. P., is effective immediately on filing, without any requirement for judicial approval. 9 C. Wright & A. Miller, Federal Practice & Procedure § 2363 (3d ed. 2015). Indeed, both a dismissal under Rule 41(a)(1)(A)(ii) and an accepted offer of judgment under Rule

68, Fed. R. Civ. P., are "executed by the parties without any involvement by the court." *White v. Nat'l Football League*, 756 F.3d 585, 595 (8th Cir. 2014).

Here, it is unclear precisely what the parties are seeking. The parties' Stipulation states:

> 1. The Court may immediately enter Judgment in this Action against Bellcomb and in favor of WBB in the amount of Six Hundred Thousand Dollars ($600,000.00) (the "Judgment").
>
> 2. This amount is intended to cover WBB's claims against Bellcomb in this Action, as well as WBB's attorney's fees and expenses and any accrued contractual or statutory interest through March 31, 2016.

Yet paragraph 3 of the Stipulation provides that any claims or counterclaims "that were brought or that might have been brought between WBB and Bellcomb in this Action are dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)" and that, contrary to paragraph 2, "each party [will] bear its own costs." The parties' Stipulation appears to seek two inconsistent outcomes—dismissal and a monetary judgment—and is, at best, ambiguous. *Cf. Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 121 n.2 (3d Cir. 1999) (observing that dismissing a complaint and granting judgment on the merits are procedurally inconsistent outcomes). Although the parties are free to enter a private settlement agreement, on this record, the Court declines to enter judgment for $600,000.

Having rejected the parties' Stipulation to the extent that it provides for the Court's retention of jurisdiction over this matter and entry of judgment for $600,000, what remains of the parties' Stipulation is a Rule 41(a)(1), Fed. R. Civ. P., stipulation of dismissal with prejudice that is signed by all parties. Ordinarily, such a dismissal is self-executing and leaves the parties free to enter a private settlement agreement without the

Court's involvement. And the Court is well aware that it is "generally without authority to require parties to comply with a 'settlement' different from their own agreement." *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1.*, 921 F.2d 1371, 1388 (8th Cir. 1990). Although "a term mandating a court's continuing jurisdiction over a matter is not properly considered a term of a settlement," *Martin*, 971 F. Supp. at 415, the Court is cognizant that its refusal to retain jurisdiction and enter a judgment for $600,000 could materially affect the parties' decision to settle this case and dismiss WBB's claims with prejudice. Therefore, the Court will refrain from dismissing this matter for 30 days. Within 30 days after the entry of this Order, either party may file a motion objecting to the Court's dismissal of this matter with prejudice.

## ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. The parties' Stipulation, (Dkt. 48), is **DENIED** to the extent that it seeks both the Court's retention of jurisdiction over this matter and the entry of judgment for $600,000.

2. Absent a timely objection by motion, the Court will order the dismissal of WBB's claims with prejudice 30 days after the entry of this Order and will direct that judgment of dismissal with prejudice be entered accordingly.

Dated: April 7, 2016      s/Wilhelmina M. Wright  
　　　　　　　　　　　　　　　　Wilhelmina M. Wright  
　　　　　　　　　　　　　　　　United States District Judge